United States District Court
Northen District Of New York

----------------------------------

Jerone G. Ross
            V.
City of Binghamton
Binghamton Police Department          : Complaint
Michael Gazdik
Dennis Pavelski
David Bidwell                         : Jury Trial
District Attorney Office for Broome County : Demanded
Gerald F. Mollen
Torrance L. Schmitz
Supervisor John Doe

----------------------------------

FILED
DEC 10 2012
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk - Bing

Preliminary Statement

1. This is a civil rights action brought under 42 U.S.C. §1983 and raising supplemental state-law claims seeking damages against defendants Officer Michael Gazdik, Officer David Bidwell, Officer Dennis Pavelski, Senior Assistant District Attorney Torrance L. Schmitz, District Attorney Gerald F. Mollen, City of Binghamton, Binghamton Police Department, and District Attorney for Broome County for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the U.S.

2. Defendants Gazdik, Bidwell, and Pavelski; while acting in their capacities as police officers in the City of Binghamton, County of Broome, State of New York, deprived plaintiff of his property without

1

due process of law, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the U.S. Concerning the actions of defendant Binghamton Police Officers Gazdik, Bidwell, and Pavelski in unlawfully arresting, maliciously prosecuting, and unlawful imprisonment against plaintiff Jerone G. Ross. The actions and conduct of the defendant officers are the result of a policy, practice, custom, and deliberate indifference on the part of defendant City of Binghamton. The Court has jurisdiction of this action and er 42 U.S.C. §1983 and under 28 U.S.C. §1343

3. Acting under color of law and pursuant to official policy or custom, defendants Supervisor John Doe and City of Binghamton knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis defendant police officers in their duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arresting, imprisoning and prosecting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (3) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constituti and laws of the U.S. and the laws of the State of New York; and (5) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

4. Defendants Supervisor John Doe, and City of Binghamton had knowledge or, had they

2

diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Supervisor John Doe and City of Binghamton had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

5. Defendants Supervisor John Doe, and City of Binghamton, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate malicious, reckless, and wanton conduct of defendant police officers heretofore described.

6. As a direct and proximate cause of the acts of defendants Supervisor John Doe, and City Binghamton as set forth in pargrahs 3-5 above, plaintiff suffered emotional and psychological injury, loss of income, illegal search and seizure, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the U.S. and protected by 42 U.S.C. §1983.

Jurisdiction

7. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §1983 and 28 U.S.C. §1331, 1343 (a)(3), 1343 (a)(4), and 1367(a).

## Parties

8. Plaintiff Jerone G. Ross, age 24, was at all times relevant to this Complaint a resident of Binghamton, New York.

9. Defendant City of Binghamton is a municipality and owns, operates, manages, directs, and controls the Binghamton Police Department, which employs defendants Michael Gazdik, David Bidwell, and Dennis Pavelski.

10. Defendant Officer Gazdik, is and was at all times relevant to this Complaint an officer in the Binghamton Police Department. He is sued in his individual capacity.

11. Defendant Officer Bidwell, is and was at all times relevant to this Complaint an officer in the Binghamton Police Department. He is sued in his individual capacity.

12. Defendant Officer Pavelski, is and was at all times relevant to this Complaint an officer in the Binghamton Police Department. He is sued in his individual capacity.

13. Defendant Supervisor John Doe, whose name is presently unknown to plaintiff, is and was at all times relevant to this Complaint and employed as a supervisor by the Binghamton Police Department. He is sued in his individual capacity.

14. Defendant City of Binghamton is a municipality in Broome County and owns, operates, manges, directs, and controls the District Attorney Office for Broome County, which employs defendants Senior Assistant District Attorney Torrance L. Schmitz and District Attorney Gerald F. Mollen.

15. Defendant Senior Assistant District Attorney

4

Schmitz, is and was at all times relevant to this Complaint an Senior Assistant District Attorney in the District Attorney Office for Broome County. He is sued in his individual capacity.

16. Defendant District Attorney Mollen, is and was at all times relevant to this Complaint an District Attorney in the District Attorney office for Broome County. He is sued in his individual capacity.

17. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

18. At all times relevant to this Complaint, all defendants acted under color of state law.

Factual Allegations

19. On November 25, 2009, the plaintiff was in front of his residents 45 Pine St.

20. The defendant Officer Gazdik was conducting video surveillance of 45 Pine St. on the above date, a video recording was made of the events that day.

21. The defendant Officer Gazdik gave to the defendants Officers Bidwell and Pavelski, false information of the events that took place in front of the residents of 45 Pine St.

22. Later that evening the plaintiff got in a cab, and was riding as a passenger.

23. The cab drove up Pine St. and was followed by defendants Bidwell and Pavelski.

24. After following the cab for 2 miles defendants Bidwell and stopped the cab.

25. At that point, defendants Bidwell and Pavelski

5

got out of the vehicle.

26. The defendant Bidwell approach the driver side of the cab, and defendant Pavelski approach the passenger side of the cab.

27. Defendant Pavelski demanded plaintiff roll down his window.

28. Plaintiff cooperated by rolling down his window.

29. Defendant Pavelski then demanded that the plaintiff get out of the vehicle.

30. Plaintiff cooperated by getting out of the vehicle.

31. Defendant Pavelski aggressively frisked the plaintiff, then went inside plaintiff's pockets without permmission.

32. Finding no contraband, defendant Pavelski aggressively interrogated plaintiff regarding, plaintiff name, date of birth, and where was plaintiff coming from, who was in the cab, and whose bags are those in the cab.

33. Plaintiff asked defendant Pavelski why he demande plaintiff get out of the vehicle, defendant Pavelski said for safety reasons.

34. Plaintiff then asked defendant Pavelski what the cab driver's alledged traffic violations have to do with demanding plaintiff out of the vehicle, defendant Pavelski said for safety reasons.

35. Defendant Pavelski then aggressively again asked for the information that he asked in sentence 32.

36. Plaintiff, cooperating, gave defendant Pavelski answers to his question.

37. Then defendant Pavelski asked the plaintiff more questions, in middle of defendant Pavelski interrogation, defendant Bidwell approached the plaintiff and aggressively investergated plaintiff regarding whose bags were in the cab.

38. Plaintiff answered defendant Bidwell questions

39. Defendant Bidwell then went back to the cab,

removed the second passenger and had the other passenger stand with the plaintiff.

40. With the cab driver still in the driver seat, defendant Bidwell searched the plaintiff bags without the plaintiff permission.

41. Defendant Bidwell approached defendant Pavelski to inform defendant Pavelski what defendant Bidwell has discovered.

42. Moments later more police cars pulled up, plaintiff and second passenger were arrested.

43. Defendant Gazdik made allegations against plaintiff falsely and maliciously, claiming that plaintiff was engaged in narcotics activity at the time plaintiff was in front of his resident.

44. As a result of those those false allegations by defendant Gazdik, defendants Bidwell and Pavelski aggressively interrogated the plaintiff, and the plaintiff's rights were violated, which caused the false arrest.

45. As a result of the false charges, plaintiff was falsely imprisoned; plaintiff was required to meet with criminal defense counsel and appear in court on several occasions, and plaintiff remained seized throughout the criminal proceeding, thus instituting prosecution against plaintiff causing additional harm.

46. There was no legal cause to justify the stop, detention, interrogation, and/or arrest of plaintiff, or the instituting of charges against plaintiff.

47. There was no legal cause to search and seizure plaintiff, which was unreasonable and excessive.

48. At all times relevant to this Complaint, the conduct of defendants Gazdik, Bidwell, and Pavelski was in willful, reckless, and callous disregard of plaintiff's rights under federal and state law.

7

49. As a direct and proximate result of the all defendants, plaintiff suffered and continues to suffer psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The false information of the plaintiff by defendant Gazdik violated the plaintiff's rights.
2. The illegal detention and illegal questioning of plaintiff by defendants Bidwell and Pavelski violated plaintiff's rights.
3. The illegal frisk of plaintiff's by defendant Pavelski violated plaintiff's rights.
4. The illegal search and seizure of plaintiff's by defendant Bidwell violated plaintiff's rights.
5. Defendant John Doe's failure to train the defendant Gazdik, Bidwell, and Pavelski violated plaintiff's rights.
6. Defendant Schmitz actions in conducting plaintiff's courts hearing, and sustaining the charges violated plaintiff's rights.
7. Defendant Mollen failure to take action to curb charges of plaintiff. violated plaintiff rights

B. Award compensatory damages jointly and severally against:

1. Defendants City of Binghamton, Binghamton Police Department, Gazdik, Bidwell, Pavelski, John Doe, District

8

Attorney Office for Broome County, Schmitz, and Mollen for emotional injuries sustained as a result of plaintiff's false arrest, false inprisonment, malicious prosecute.

2. Defendants Schmitz and Mollen for the punishment, emotional, and psychological injury, resulting from their actions of sustaining plaintiff's charges.

C. Award punitive damages against defendants City of Binghamton, Binghamton Police Department, Tazdik, Bidwell, Pavelski, John Doe, District Attorney Office for Broome County, Schmitz, and Mollen.

Jerone Ross
Jerone Ross
11B0223
11-26-12