IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JERONE G. ROSS,

                Plaintiff,        Civil Action No.
                                                3:12-CV-1806 (MAD/DEP)

   v.

CITY OF BINGHAMTON, *et al.*,

                Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:

JERONE G. ROSS, 11-B-0223
Plaintiff, *pro se*
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

On December 10, 2012, *pro se* plaintiff Jerone G. Ross filed this civil

rights action, pursuant to 42 U.S.C. § 1983, and an accompanying

application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1-2.

Generally, plaintiff's complaint alleges that, on November 25, 2009, defendants unlawfully arrested him, and that he was subjected to an unlawful search prior to his arrest. *See generally* Dkt. No. 1. As a result of these allegations, plaintiff asserts the following causes of actions against all defendants: unlawful search and seizure, false arrest, unlawful imprisonment, and malicious prosecution. *Id.* Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. *Id.*

When a prison inmate requests IFP status, his application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with the local rules of practice for this court, a prisoner may satisfy this requirement by submitting a completed, signed, and certified IFP application.[1] N.D.N.Y. L.R. 5.4(b)(1)(A). Local Rule 5.4 further provides that, if the prisoner fails

---

[1] A "certified IFP application" is one on which the certificate portion at the bottom of page two of the form IFP application – which was not utilized by the plaintiff in this case – has been completed and signed by an appropriate official at the plaintiff's prison facility. The certificate portion of the IFP application requests information regarding funds and/or securities held on account the inmate's credit over the preceding six months.

to fully comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.4(b)(2)(A).[2]

In this case, plaintiff's IFP application did not include the required trust account certification. *See generally* Dkt. No. 2. Accordingly, in an order dated March 26, 2013, I directed plaintiff to either pay the required filing fee or submit a properly certified IFP application that complies with the court's local rules within thirty days. Dkt. No. 3. Plaintiff was advised that his failure to comply with that order could result in dismissal of his action. *Id.* More than thirty days have passed since the issuance of that order, and plaintiff has neither paid the requisite filing fee nor submitted a properly certified IFP application.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court.[3] Fed. R. Civ. P.

---

[2]   Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order." Fed. R. Civ. P. 41(b). It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for this court. *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.).

[3]   Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than

41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

Pursuant to Rule 41(b), the court's local rules, and their inherent authority to manage its own docket, courts in this district routinely dismiss complaints for failure to comply with a court order directing the payment of the filing fee. *See, e.g.*, *ed-george v. Burns*, No. 09-CV-0869, 2010 WL 4340258, at *1 (N.D.N.Y. Oct. 27, 2010) (Suddaby, J.); *see also Sykes v. New York State Child Support Processing Ctr.*, No. 11-CV-0797, 2011 WL 3652419, at *3 (Aug. 19, 2011) (Mordue, C.J.). In this instance, because

---

grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

4

plaintiff has failed to comply with the court's order dated March 26, 2013, and because he has failed to pay the requisite filing fee, I recommend dismissal of his complaint.

WHEREFORE, it is hereby respectfully

RECOMMENDED that plaintiff's complaint be dismissed without prejudice due to his failure to comply with the court's order or pay the requisite filing fee.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    May 7, 2013
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge