**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JERONE G. ROSS,**

                            **Plaintiff,**

    vs.                                               **3:12-cv-1806
                                                                               (MAD/DEP)**

**CITY OF BINGHAMTON, BINGHAMTON
POLICE DEPARTMENT, MICHAEL
GAZDIK, DENNIS PAVELSKI, DAVID
BIDWELL, DISTRICT ATTORNEY OFFICE
FOR BROOME COUNTY and GERALD F.
MOLLEN,**

                            **Defendants.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**JERONE G. ROSS
11B0223**
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

On December 10, 2013, Plaintiff filed this civil rights action, pursuant to 42 U.S.C. §

1983, and an accompanying application to proceed *in forma pauperis*. *See* Dkt. Nos. 1 & 2.

Generally, Plaintiff alleges that, on November 25, 2009, Defendants unlawfully arrested him and

that he was subjected to an unlawful search prior to his arrest. *See* Dkt. No. 1.

In an order dated March 26, 2013, Magistrate Judge Peebles directed Plaintiff to pay the

requisite filing fee or to include the required trust account certification with his *in forma pauperis*

application within thirty (30) days so as to comply with Local Rule 5.4 and 28 U.S.C. §

1915(a)(2). *See* Dkt. No. 3. Magistrate Judge Peebles advised Plaintiff that his failure to comply with that order could result in the dismissal of this action. *See id.*

On May 7, 2013, Magistrate Judge Peebles issued a Report and Recommendation finding that the Court should dismiss this action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to comply with an order of the Court. Neither party objected to Magistrate Judge Peebles' recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

2

15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the Report and Recommendation, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss this action without prejudice due to Plaintiff's failure to comply with the Court's order or pay the requisite filing fee.

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court may close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2014
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

3